■ In the Matter of BROOKLYN RESOURCE RECOVERY, INC., Petitioner, v CITY OF NEW YORK et al., Respondents. [783 NYS2d 655]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York City Environmental Control Board dated January 31, 2002, which, after a hearing, imposed certain conditions upon the stay of enforcement of an order directing the sealing of the petitioner's water, sewer, and electric lines.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner processes scrap metal, including automobiles. For several years, the New York City Department of Environmental Protection (hereinafter the DEP) issued numerous violations and orders to the petitioner regarding the improper discharge of gasoline and other toxic substances into the public sewer. As a result, a hearing was held to determine whether the New York City Environmental Control Board (hereinafter the Board) should issue a cease and desist order directing the sealing of the petitioner's water, sewer, and electric lines. During the hearing, the petitioner and the DEP eliminated the majority of the DEP's objections to the petitioner's proposed engineering plans for eliminating toxic discharges from its facility, submitted upon the DEP's request (*see* Administrative Code of City of NY § 24-523 [c]; § 24-524 [a], [b] [1]). However, the petitioner's proposal to install a permanent gasoline defueling and refueling station by May 2005 was rejected by the DEP, which requested an earlier date. The DEP reasoned that the petitioner's method of storing gasoline in above-ground drums rather than in an underground tank prior to May 2005 would be hazardous and violate New York City rules and regulations (*see* Administrative Code § 27-4076 [a] [1]; New York City Fire Dept Code [3 RCNY] § 21-21 [c] [1]). While there was evidence that the petitioner had already expended considerable effort and expense in at-

tempting to comply with the DEP's requirements, it provided no support for its assertion of financial inability to complete the installation of the permanent gasoline defueling and refueling station at an earlier date. The Board therefore determined to stay the sealing of the petitioner's water, sewer, and electric lines on the condition, inter alia, that the permanent gasoline defueling and refueling station be installed almost three years earlier than the petitioner proposed (*see* Administrative Code § 24-524 [b] [3]; [d] [2]). Because this determination was rational and supported by substantial evidence, it should not be disturbed (*see* CPLR 7803 [4]; *Matter of FMC Corp. v Unmack*, 92 NY2d 179, 188 [1998]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Universal Sys. Ins. Agency v State of New York Ins. Dept.*, 278 AD2d 238 [2000]).

The petitioner's remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.